# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISRAEL GONZALEZ, | ) | 1:13cv00237 AWI DLB PC |
| Plaintiff, | ) ) ) | ORDER DISMISSING ACTION |
| vs. | ) ) | |
| SIX UNKNOWN NAMES AGENTS, et al., | ) ) ) | |
| Defendants. | ) | |

Plaintiff Israel Gonzalez ("Plaintiff")[1] is a prisoner in the custody of the Federal Bureau of Prisons. Plaintiff is proceeding pro se and filed this civil rights action on February 15, 2013. He did not submit an application to proceed in forma pauperis or pay the filing fee.

Plaintiff's complaint was not signed and set forth no intelligible claims for relief. Therefore, on February 25, 2013, the Court struck the complaint and issued an Order to Show Cause. Plaintiff was ordered to show cause, within 15 days of the date of service of the order, why the action should not be dismissed for failure to prosecute.

Over 15 days have passed and Plaintiff has not filed a response or otherwise communicated with the Court. For the reasons discussed below, the Court will dismiss for failure to follow a Court order and failure to state a claim.

---

[1] Given the return address of the filing, the Court suspects that the named Plaintiff may not have actually written and submitted this complaint.

1

## **DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep courtapprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since February 15, 2013, but there is no operative complaint and Plaintiff has

not paid the filing fee.  Plaintiff was given an opportunity to correct these issues, but failed to respond to the Order to Show Cause.  The Court also questions Plaintiff's true identity.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)</u>.  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. <u>Ferdik, 963 F.2d at 1262</u>; <u>Malone, 833 at 132-33</u>; <u>Henderson, 779 F.2d at 1424</u>.  The Court's February 25, 2013, Order to Show Cause expressly stated:  "The failure to comply with this order will result in dismissal of this action."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## ORDER

For these reasons, IT IS HEREBY ORDERED that this action IS DISMISSED.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   March 26, 2013                          _____
                                                   SENIOR  DISTRICT  JUDGE

3